Good morning, everyone. The first argued case this morning is No. 2011-7103, GADASH, against the Department of Veterans Affairs. Mr. Carpenter. Thank you very much, Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Mrs. Debbie GADASH. Mrs. GADASH appealed to the decision of the Veterans Court concerning whether or not the Court below relied upon a misinterpretation of the provisions of 38 CFR 4.3 and 4.7. These provisions are part of a congressional mandate in accordance with 38 U.S.C. 1155, in which Congress required the Secretary to create a schedule of ratings to evaluate the degree of disability of service-connected injuries. Counsel, it seems to me that this case involves mostly a factual determination. Explain to me why we even have jurisdiction over this matter. Because, Your Honor, the Court below expressly relied upon an interpretation that permitted the Board to evade the responsibility of 7104A. 7104A mandates that the Board shall consider all potentially applicable provisions of law. No, it's not, Your Honor. It's a question of whether or not we presented below the question of whether or not the Board did or did not correctly apply these two provisions. The Court below said that they didn't need to because there was a finding of a preponderance of evidence against the claim. Such a finding is an interpretation of the regulation that permits the Board to evade the responsibility of considering and applying clearly applicable provisions of law and regulation. Aren't you inviting us to question whether there is a preponderance of evidence or not? No, I'm not. What I'm asking you to do is to tell the Court below, to tell the Board, that the Board may not make a decision on a rating without consideration of the specific regulatory provisions that the VA itself created for the purpose of evaluating or determining the rating for the attorney. Does the absence of preponderance of evidence implicitly imply that 4.3 and 4.7 were considered and that there is no equal cause? There is no approximate balance of evidence? No, it does not, Your Honor, because specifically in 4.7, 4.7 has a working predicate that requires the VA to determine what the disability picture is. In this case, we're dealing with a veteran who was assigned a 70% rating. There is only one other rating available for his service-connected psychiatric disability. That's a 100% rating. Therefore, 4.7 was clearly implicated. And 4.7 talks in terms of if the disability picture more nearly approximates. The Court below acknowledged that that was not the standard that was applied and said that they could essentially get a get-out-of-jail-free card because they went to the end result and said, when we weighed the evidence, well, they went to the end before they went to the process that is prescribed by their own regulation. In your reply, you say, this legal determination by the Veterans Court relied upon a misinterpretation of 4.3. Nothing in the plain language of 4.3 references an evidentiary test or threshold for its application. That seems to be your core, is it not? That's correct, Your Honor. Section 4.3 expressly refers to Section 3.102. Yes, it does, Your Honor. How can we ignore that definition in the interpretation of 4.3's requirements? I don't believe you should ignore that definition. Okay. I think you should say to the Court below that that definition is process, and it requires specific consideration, that weighing by the Board in its determination. And that weighing is guided by 4.7. You cannot read this regulatory scheme out of existence by simply saying that we went to the end and we decided there was a preponderance of evidence against the claim. In the context of evaluating a rating, and in particular in the context of this case where there's only one other rating, there's only one other thing to compare it to. What the Board did not do under 4.7 is to tell us what his disability picture was and whether or not that did or did not more nearly approximate the rating criteria for 100%. It doesn't have to actually meet up line for line, but merely more nearly approximate it than it did the rating that was assigned at 70%. You don't get to that point because of the weight of the evidence. And you have to get to the weight of the evidence by considering all of the evidence that goes to the question of whether or not, or excuse me, what was the disability picture. Absent from the Board's discussion is any description of what they would characterize based upon the evidence as Mr. Gaddash's disability picture. What was his disability picture? If you look at the rating criteria for 70% for a psychiatric disability and a 100% disability, they are very difficult to objectively distinguish between. The closest is that they use the words total social and industrial impairment in the 100% criteria. That nuanced difference between the 70% and a 100% rating requires some discussion. And that discussion is focused by the terms of the VA's own regulation. What was the disability picture? If the disability picture more nearly approximates, and we do not know and the court below did not know what Mr. Gaddash's disability picture was, only that the Board decided that there was a preponderance of evidence against his claim for entitlement to a 100% rating from 1995 to 2000. That's not what is mandated by the VA's own regulation. Unless there's further questions, I'll reserve the balance of my time for rebuttal. Thank you, Mr. Carpenter. Good morning. May it please the court. Mrs. Gaddash's appeal should be dismissed for lack of jurisdiction or in the alternative, the Veterans Court decision should be affirmed because 4.3 and 4.7 do not apply where a preponderance of the evidence weighs against the claimant's claim. As a preliminary matter, what Ms. Gaddash is arguing in this case is really a reasons and basis argument. The concern is simply that the Board did not specifically cite either Section 4.3 or Section 4.7. However, the Board did make detailed factual determinations and did ultimately conclude that a preponderance of the evidence weighed against her claim. Under this court's decision in Ortiz, therefore, Section 4.3 did not apply. That was an application of law to facts by the Board in determining that a preponderance of the evidence weighed against the claim. And then when it was appealed to the Veterans Court, the Veterans Court, in fact, did say that 4.3 and 4.7 did not apply because a preponderance of the evidence weighed against the claim. In light of that, this is a case of application of law to facts in determining that neither 4.7 or 4.3 applied to this and the case should be dismissed. However, even if this court does look at the merits of this argument, the Veterans Court decision should be affirmed. As this court held in Ortiz, Section 4.3 does not apply where a preponderance of the evidence weighs against the claim. Section 4.3 specifically cites to Section 3.102. And as the Veterans Court held in Colusa and as the legislative history of 5107 show, the statute of 5107 was enacted in order to codify the reasonable doubt test in 3.102. That legislative history makes clear that as stated in our brief, when the two regulations and the statute are read together, a preponderance of the evidence weighing against the claim would thereby mean that there is no reasonable doubt and Regulation 4.3 would not apply. One thing to note is that in Mrs. Gaddash's brief in footnote 1, she discusses the legislative history of these regulations. And we just want to point out that 3.102, contrary to what was stated in the brief, was not amended after the enactment of 5107 as it relates to the definition of reasonable doubt. And what in fact happened was the reasonable doubt definition was added to 3.102 in 1985. And then in 1988, Congress enacted Section 5107 and stated in the legislative history that it was codifying 3.102. So when 5107 was enacted, there was a full understanding by Congress of what the reasonable doubt definition was in 3.102. And in addition, that 4.3 cited to 3.102. So taking all of these and reading all of these statutes and regulations together, again, the point being, as this Court stated in Ortiz, when there is a preponderance of the evidence against a claim, 4.3 does not apply by its very plain language. So which footnote are you referring to? Footnote 1 of Mrs. Gaddash's reply. In addition, 4.7 would not apply when a preponderance of the evidence weighs against the claimant's claim. 4.7 specifically states that it only applies when there's a legitimate question as to which rating would apply. And that was repeated in Faving, which was cited in Arbery. And so in this case, the Board held that there was no question whether 70% or 100% applied. It looked at the facts. It determined that, in fact, Mr. Gaddash had had a job for a period of time. And looking at all of the evidence, it determined that he was not totally disabled as required by the 100% rating, but that a preponderance of the evidence weighed in favor of finding a 70% disability. Therefore, there was no legitimate question, and the Board correctly held and the Veterans Court correctly held that 4.7 did not apply. A remand by this Court to instruct the Veterans Court and the Board that when there is no question as to which rating applies, there's no reasonable doubt and there's no legitimate question, would simply just require a cite to two regulations that do not apply by their very plain language. If there are no further questions, we respectfully request that this case be dismissed for lack of jurisdiction or in the alternative that the decision of the Veterans Court be affirmed. Any more questions? Thank you, Ms. Goodman. Thank you. Mr. Carpenter? In regards to the footnote, what I was attempting to identify there was the addition to 3.102 of the statutory language about approximate balance of positive and negative evidence. That language did not exist in the prior version of 102. And as this Court interpreted 5107B in Ortiz, this Court concluded that the preponderance of evidence would preclude consideration of the reasonable doubt based upon having not reached that level of equipose. But that concept of equipose did not exist in the prior version of 3.102. So when the VA paints with a broad brush about how Congress was adopting 3.102 and codifying it, it codified it with more language than existed and created a standard which this Court has interpreted. Now, the government told this panel that under Ortiz, 4.3 does not apply. And 4.3 was not discussed, was not before the Court in Ortiz. All that was before the Court in Ortiz was 5107B. I submit that the rating scheme for the consideration of the rating or evaluation of service-connected disabilities is codified by the VA in Part 4 of Chapter 38 of the Code of Federal Regulations. And therefore, it must be considered and applied. The VA says that 4.7 also does not apply. But 4.7 does apply because that is precisely the circumstance in this case, because we only have two disabilities available. So 4.17 by its very terms must be applied. And the term of art that was created by the regulatory terms created by the VA in 4.7 of consideration of the veteran's disability picture was not utilized. There is no discussion of 4.7, there is no discussion of the veteran's disability picture, and there is no discussion of how it does or does not more nearly approximate. In fact, what the Court said was that here the Board did not find that the veteran's PTSD more nearly approximated the criteria for the rating higher than 70%, but rather found that his symptoms were more analogous to a 70% rating. That's at page 3 of the Court's decision below. Now, the government suggests that this is a reasons or bases argument. It is not a reasons or bases argument. It is a question of regulatory interpretation. The Court below relied upon an interpretation of these regulations that said in its holding that it was not necessary to apply them. That's in direct contravention of the requirements of 7104A. That should constitute a clear legal error which requires reversal by this Court. Unless there's any further questions, thank you very much, Your Honors. Thank you, Mr. Carpenter and Ms. Goodman. The case is taken under submission.